## VILLAR *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan, Section 1.

No. 88.—Decided April 5, 1911.

AGENCY—POWER OF AGENT TO BORROW MONEY.—The question involved in this case bears upon the construction to be given to the following clause: ''To sell said property, actions and rights or credits; to exchange, assign, lease, encumber, and *mortgage* the same; to execute acquittances and cancellations; to make settlements or compromises of all kinds, whether having reference to the mere administration or to the freest disposition of said properties.'' *Held:* That in this power of attorney the power to borrow money is not included, for the latter, to be understood as having been conferred, must be expressly stated.

The facts are stated in the opinion.

*Mr. Emilio García Cuervo* for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Luis Ordóñez y Góñez, acting as attorney in fact for José Ordóñez y Fernández, and Eduardo Villar y Alicea, as attorney in fact for Alejandro Villar y Valera, executed in San Juan, on December 19, 1910, before Notary de la Torre, deed No. 166, relating to a loan secured by a mortgage. Said deed having been presented by them for record in the registry of property, the registrar refused its admission for the reason stated in the following decision, from which this appeal has been taken:

''The foregoing document is denied admission to record for the reason that in the power of attorney executed in favor of Luis Ordóñez y Góñez no authority is given the latter to borrow money. A cautionary notice for four months has been entered on folio 46, reverse, of volume 74, of this city, property No..1578, entry letter C. San Juan, January 19, 1911. The Registrar, José S. Belaval.''

The whole question at issue herein turns upon the construction to be given to the power of attorney executed by

José Ordóñez y Fernández in favor of Luis Ordóñez y Góñez, the pertinent clause whereof reads as follows:

"Third. To sell said property, actions and rights, or credits; to exchange, assign, lease, encumber, or mortgage the same; to execute acquittances and cancellations of mortgages; to make settlements and compromises of all kinds, whether having reference to the mere administration or to the freest disposition of said properties."

The authority to borrow money does not appear as having been expressly conferred, but the appellant alleges that such authority was to be implied because the principal empowers his agent not only to mortgage all his property, rights, credits, and actions, but likewise to sell, exchange, and assign them.

If the authority conferred upon agencies were amply and liberally construed, the appellant perhaps would be in the right; but as in accordance with the natural law, equity, jurisprudence, and the Civil Code itself, agencies should be construed in a restrictive sense; in the case at bar the registrar is in the right. (See *Fano* v. *The Registrar of San Juan,* decided May 27, 1909.)

Zarzoso, in his treatise on the *Theory and Practice in Drawing Up Public Instruments,* pages 435 *et seq.,* when treating of general agencies, presents a set of forms which—too minute and ample, though susceptible of condensation without losing strength and clearness—is well worthy of persual on account of the abundance of data therein contained. In that set of forms the authority to borrow or lend money is thus worded: "To lend or borrow any amounts," etc.

The law relating to the contract of agency is embodied in sections 1611 to 1641 of the Revised Civil Code; and Manresa, on page 450 of volume 11, commenting upon section 1713 of the Spanish Civil Code, which corresponds to section 1615 of the Revised Code, remarks:

"To avoid doubts which have been brought out by experience,

the code likewise requires an express commission for the performance of any other act of strict ownership. It is therefore evident to our mind that neither servitudes, nor encumbrances, nor even contracts of lease when recordable in the registry of property, nor the borrowing of money, can be constituted or stipulated, as the case may be, without a commission expressly stating the authority conferred for any of such acts; which is accounted for by the fact that all these are acts involving ownership and affecting property rights."

To borrow money is a serious matter, and a person may be perfectly willing to authorize his agent to sell or mortgage for the purpose of paying existing debts, etc., but not to authorize him to contract loans. The powers of agents should be clear and distinct, and the authority to borrow money, where it is conferred, should be expressly set forth in the public instrument executed to that effect.

The judgment of the Supreme Court of Spain of May 10, 1902, may be mentioned, we think, in support of the doctrine herein expounded.

The appeal should be dismissed and the decision affirmed.

*Affirmed.*

Chief Justice Hernández and Justice MacLeary concurred. Justices Wolf and Aldrey dissented.